**Hattie McFADDEN, Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY and Priscilla McFadden, Appellees.**

**No. 19419.**

United States Court of Appeals Fifth Circuit.

April 27, 1962.

P. Donald DeHoff, Jacksonville, Fla., for appellant.

John O. Jackson, Jacksonville, Fla., for appellee McFadden.

George Stelljes, Jr., Francis P. Conroy, Harry T. Gray, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., for appellee Aetna Life Ins. Co.

Before BROWN and WISDOM, Circuit Judges, and DE VANE, District Judge.

PER CURIAM.

The question in this interpleader action was whether the wife feloniously shot her husband and thereby, under Florida principles, Carter v. Carter, Fla. 1956, 88 So.2d 153, forfeited her rights as named beneficiary to the proceeds of the life insurance policy on the assured husband.

In the contest between the widow and the surviving mother as a secondary statutory beneficiary, the surviving mother built an imposing case of circumstantial evidence, or so she thought. But the trial Judge, sitting without a jury, did not so think. What we think is beside the point for our function begins and ends with the determination of whether rejection of this theory was clearly erroneous. F.R.Civ.P. rule 52(a), 28 U.S. C.A.

We may assume that the Judge, by crediting every piece of evidence and reading into it all of the implications urged, could have fitted all of them together to spell out the probability that the wife (a) fired the gun and (b) did it under circumstances characterized by Florida as unlawful. But the Judge was not compelled as a matter of law to do so, nor, short of that, does the evidence even approach the point where we could say that the adverse finding was clearly erroneous in any of the accepted senses of that broad term.

There were plenty of holes, some large, some small, in this picture puzzle. And from plenty of the equivocal facts, there were even more equivocal inferences. The question was one of fact. The Judge as the trier determined it as such with adequate basis under correct legal principles. There it ends.

Affirmed.